UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Sheila Maylin,

       Plaintiff,

  -vs-

Capital One N.A.,

       Defendant.

**COMPLAINT WITH JURY TRIAL DEMAND**

## INTRODUCTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). Plaintiff's credit reports inaccurately contained a Capital One account that was not hers. Defendant has provided written assurance the account was not hers and that it would be removed from her credit report. Defendant, however, continued to falsely advise the credit reporting agencies the debt was hers and continued a pattern of impermissibly pulling Plaintiff credit report after it had knowledge the account was not hers. Plaintiff seeks actual damages, statutory and punitive damages, costs and attorney fees.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1681 *et seq* and 28 U.S.C. §§ 1331, 1332, and pendant jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

3. Plaintiff Sheila Maylin is a natural person who resides in the city of Duluth, county of St. Louis, in the state of Minnesota. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Defendant Capital One, N.A. (hereinafter "Capital One") is a foreign corporation and a subsidiary of Virginia based Capital One Financial Corporation. Capital One operates from an address of 1500 Capital One Drive, Richmond V.A. 23238. Capital One is a furnisher to consumer credit reporting agency as defined by 15 U.S.C. §1681s-2b.

## FACTUAL ALLEGATIONS

5. In 2006 Plaintiff learned she was a victim of identity theft when someone opened a Capital One account in her name.

6. On December 15, 2006 Plaintiff authorized the release of her bank records to Capital One in order to investigate the fraud perpetrated in her name.

7. On July 16, 2007 Capital One stated it was investigating a potentially fraudulent account opened in the Plaintiff's name and requested Plaintiff fill out an "Identify Fraud Information Form."

8. Plaintiff completed the form, noting the suspects name and whereabouts, and indicating her intent to assist in any prosecution and providing a police report file number.

9. On July 26, 2007 Capital One wrote to Plaintiff informing her that "it has been concluded that the account does not belong" to her. The letter also states that "[t]he consumer reporting agencies . . . have been directed to delete the tradeline."

2

10. On January 22, 2008 Plaintiff sought an auto loan and learned she would be subject to a significant higher rate because her Equifax / CSC credit reports falsely showed the Capital One account in question as being "charged off" when the accounts were never hers.

11. On February 1, 2008 Plaintiff wrote to CSC, Trans Union, Experian, stating that she had received an unfavorable interest rate and then reviewed her credit report and discovered the following error:

    a. Capital One 5803 5826 8573 7526 was inaccurately reported as her account.

12. Plaintiff enclosed the July 26, 2007 letter from Capital One as proof that the account was not hers.

13. Trans Union responded on February 11, 2008 and reported the disputed information does not currently appear on the Plaintiff's credit report.

14. Experian responded on February 13, 2008 and reported the disputed information does not currently appear on the Plaintiff's credit report.

15. CSC responded on March 17, 2008 and the investigation results credit report does not contain the disputed account.

16. Despite its admission the account does not belong to the Plaintiff, Capital One pulled Plaintiff's credit file nearly every month in 2006 and 2007, and continued to pull Plaintiff's credit report in 2008 without a permissible purpose, in violation of 15 U.S.C. § 1681b(f).

17. Plaintiff did not authorized Defendant in any way to access her credit history at

those times, but Defendant did so anyway without a permissible purpose in violation of 15 U.S.C. § 1681b(f).

18. On February 5, 2008 Plaintiff was denied credit by Northern Communities CU because the account was reporting as a "charge off."

19. On February 6, 2008 Plaintiff received a denial of credit letter from US Bank for the same reason.

20. On March 8, 2008 Plaintiff received a denial of credit letter from Capital One Auto Finance stating its decision was based on information obtained from her Experian, Equifax and Trans Union credit reports.

21. Defendant's multiple illegal pulls of Plaintiff's credit report caused damage to Plaintiff in two distinct ways. Plaintiff's credit score and profile has been adversely impacted by the erroneous and unlawful pull. Further, Plaintiff has suffered out-of-pocket expenses, incurred a detriment to her credit rating, and anxiety in an amount to be determined at trial.

## **TRIAL BY JURY**

22. Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## **CAUSES OF ACTION**

## **COUNT I.**

## **VIOLATION OF THE FAIR CREDIT REPORTING ACT**

## **15 .S.C. § 1681 ET SEQ.**

23. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully

4

stated herein.

24. Defendant lacked a permissible purpose in accessing Plaintiff's credit history stored on Equifax's database in violation of 15 U.S.C. § 1681b(f).

25. As a result of Defendant's violations of 15 U.S.C §§ 1681b(f), Plaintiff has suffered out-of-pocket expenses, detriment to her credit rating, and anxiety in an amount to be determined at trial.

26. Defendant's conduct, actions and inactions were willful, rendering it liable for statutory damages not less than $1,000 and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

27. Plaintiff is entitled to recover costs and attorneys' fees from Defendant in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II.

## CREDIT DEFAMATION

28. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

29. Defendants foregoing intentional and deliberate actions including, but are not limited to, repeatedly and maliciously reporting flagrant errors on Plaintiff's credit history, constitutes credit defamation in violation of Minnesota law.

30. As a result of Defendants' credit defamation, Plaintiff has suffered a bad credit rating resulting in an abiding fear of inability to obtain credit, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays that judgment be entered against this Defendant for:

a.) Actual damages in an amount to be determined at trial against Defendant;

b.) Statutory and punitive damages in an amount to be determined at trial against Defendant pursuant to 15 U.S.C §§ 1681n and 1681o.

c.) Costs and reasonable attorneys' fees pursuant 15 U.S.C. § 1681 *et seq.*;

d.) Other and further relief as may be just and proper pursuant to state law claims.

Dated: December 8, 2008                    By:  s/ Thomas J. Lyons Jr.

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr. (# 249646)
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
tommycjc@aol.com


**Attorneys for Plaintiff**

VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF Hennepin )

Sheila Maylin, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the alleged facts are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/ Sheila Maylin
Sheila Maylin

Subscribed and sworn to before me
this 2nd day of December, 2008.


Heather A. Johnson
Notary Public

7